UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20* | | |

JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:   IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11] AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [20]

### I. Introduction

On August 5, 2016, plaintiff Antonio Ortega ("Plaintiff") filed a state-court action in the Los Angeles Superior Court against Defendant Alcoa Global Fasteners, Inc. ("Defendant"), his former employer. Dkt. 1. The Plaintiff then filed a First Amended Complaint ("FAC") in the Superior Court on October 11, 2016. In the FAC, the Plaintiff alleged that the Defendant wrongfully terminated him in violation of state law[1] in retaliation for making complaints against the Defendant for not following federal rules and procedures and for complaining about unsafe working conditions. FAC. The Defendant then removed the action to federal court on the basis of federal question jurisdiction, arguing that the Plaintiff's claims arise under federal law. Dkt. 1.

Presently before the Court is the Plaintiff's Motion to Remand the case back to state court and

---

[1] The Plaintiff has brought five causes of action against the Defendant, all of which arise under state statute or common law: 1) preventing an employee from disclosing information about the employer's violation of a state or federal statute in violation of California Labor Code § 1102.5(a); 2) discriminating or retaliating against an employee for making a complaint of unsafe work conditions in violation of California Labor Code § 6310; 3) retaliating against an employee for refusing to work in unsafe working conditions in violation of California Labor Code § 6311; 4) a common law wrongful termination claim; and 5) a private civil cause of action under California's Private Attorney General Act ("PAGA") based on a violation of California Labor Code § 1102.5. FAC.

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20* | | |

the Defendant's Motion to Dismiss the Plaintiff's Fifth Cause of Action.  The Plaintiff argues that the case was improperly removed because none of his causes of action arise under federal law, and therefore there is no subject matter jurisdiction based on federal question or supplemental jurisdiction   For the reasons stated below, the Court GRANTS the Plaintiff's Motion to Remand to state court and DENIES the Defendant's Motion to Dismiss as moot.[2]

## II. Factual and Procedural Background

For the purposes of this Motion, the alleged facts are taken from the FAC.  Beginning in or around 2013, Plaintiff Antonio Ortega, who worked for Defendant Alcoa, would regularly complain about issues he thought affected the safety of employees.  Additionally, he made various complaints to his supervisors and managers regarding the manufacture and processing of articles and parts that Mr. Ortega believed contained elements which had been previously rejected, did not pass the required testing and quality control applicable to the products, and were not in conformity with governing laws, especially federal regulations.

Instead of taking appropriate action in response to Mr. Ortega's reports, Alcoa supervisors and management allegedly ignored them and urged Mr. Ortega to stay silent.  When Mr. Ortega continued to complain, he suffered retaliatory adverse employment actions in the form of formal written warnings, which he claims were intended to intimidate him into silence.  He also suffered from harassment from supervisors.  These supervisors would tell him to mind his own business and keep his mouth shut.  Eventually, Mr. Ortega was fired, which he alleges was done pre-textually for continuing to complain about the actions taken by Alcoa.

Mr. Ortega filed suit in state court for wrongful termination.  Mr. Ortega has brought five causes of action against Alcoa, all under state statute or common law.  The Defendant removed the case to federal court on October 14, 2016, arguing that the case arose under federal law because some of the complaints brought by the Plaintiff accused the Defendant of violating rules promulgated by the Federal Aviation Administration ("FAA"), a federal agency.  Presently before the Court is the Plaintiff's Motion to Remand.  The Plaintiff argues that removal was improper, as his allegations

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing scheduled for December 19, 2016, at 1:30 p.m. is VACATED and OFF CALENDAR.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20* | | |

against the Defendant arise purely under state law. He contends that none of his causes of action necessitate interpreting the FAA regulations, and therefore there is no substantial federal question involved in this case. Instead, this case will depend on whether he was wrongfully terminated in retaliation for bringing complaints that he had a good faith belief were true. Whether they were actually true or not is not an element of any of his causes of action.

### III. Legal Standard

Removal jurisdiction is governed by 28 U.S.C. §1441. A "strong presumption" against removal jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 99th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In order to satisfy this burden, the defendant must demonstrate that original subject-matter jurisdiction lies in the federal courts. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). Where there is a doubt about the right to removal, "a case should be remanded to state court." *Gaus*, 980 F.2d at 566.

One such source of subject matter jurisdiction is federal jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). However, a "case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). A suit arises under the law that creates the cause of action, and therefore, only suits based on federal law create federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987).

However, even if state law creates the causes of action, there can still be federal question jurisdiction if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims[.]" *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983). In order to establish federal question jurisdiction when a case involves state-law claims, the parties must show that the state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

|  | : |
|---|---|
|  | Initials of Preparer |
|  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
| Title | Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20 | | |

**IV. Discussion**

The Court now finds that this case does not present a federal question, and therefore this Court does not have subject matter jurisdiction to hear the action. It must be remanded to state court.

As a preliminary matter, it is undisputed that all of the causes of action brought by the Plaintiff are brought under state law. Four of the causes of action are brought under statutes in the California Labor Code, §§ 1102.5, 6310, 6311, 2699, while the fifth cause of action is a common law claim for wrongful termination against public policy. Therefore, the claims cannot be said to arise under federal law, as state law provides the basis for each cause of action. However, there still may be federal question jurisdiction if a substantial, disputed question of federal law is a necessary element of one of the state claims. *See Franchise Tax Bd. of Cal.*, 463 U.S. at 13. The test for such federal question jurisdiction is: 1) the claim must necessarily raise a federal law actually in dispute; 2) the federal interest at issue must be central to the action; and 3) the exercise of federal jurisdiction may not alter "any congressionally approved balance of federal and state judicial responsibilities." *See Grable*, 545 U.S. at 314.

First, the Defendant argues that the Plaintiff has accused the Defendant of violating federal regulations promulgated by the FAA, and that those accusations and complaints constitute the protected activity for which the Plaintiff alleges he was terminated. Therefore, those regulations will have to be resolved in order for the Plaintiff to prove his claims for wrongful termination, satisfying the federal question standard.

However, although the proper interpretation of FAA regulations are undoubtedly a federal interest, this Court does not find that the Plaintiff's claims necessarily involve the resolution of those regulations, nor is the federal interest central to this action. The wrongful termination statutes under which the Plaintiff has brought his claims do not require that the Defendant actually violate a federal law.[3] If they

---

[3] The Defendant argues that California Labor Code § 1102.5(c), which the Plaintiff cites in his First Cause of Action in the FAC, does in fact require the Defendant to have violated the federal regulations, as the section provides that "[a]n employer may not retaliate against an employee for refusing to participate in an activity *that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.*" Cal. Labor Code § 1102.5(c) (emphasis added). However, the Plaintiff argues that he included this section merely to recite the components of § 1102.5, and he does not intend to rely on subsection (c) to prove his claim under § 1102.5. The Court agrees that the Plaintiff's factual allegations clearly indicate that the Plaintiff's claims under § 1102.5 relate to subsections (a) and (b), which deal with preventing or retaliating against employees from disclosing information regarding violations of law. The allegations in the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20* | | |

did, then it is quite possible that a resolution of the meaning of the FAA regulations would become a central part of the case, as there would essentially have to be a mini-trial on whether the Defendant violated these regulations. However, the relevant statute requires that the terminated employee "has reasonable cause to believe the information discloses … a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Labor Code § 1102.5(a). Therefore, the central issue in the case will be the reasonable belief of the Plaintiff regarding the regulations and whether he was fired for bringing the potential violations to light, not whether the Defendant technically violated the rule. Therefore, the Plaintiff's claims do not necessarily raise the issue of the precise meaning of the FAA regulations, and interpretation of the intricacies of the rule is certainly not central to the action. Instead, it appears the Plaintiff included the FAA regulations and their violation in his FAC in order to give background on the types of complaints he was making against the Defendant that he alleged led to his termination. As a result, the Plaintiff's claims do not raise a federal question.

In presenting its defense that the Plaintiff was terminated from the company for reasons other than his complaints that the Defendant was violating the FAA regulations, the Defendant may choose to argue that it did not in fact violate those regulations, and therefore the Plaintiff could not have had a reasonably held belief that his complaints were true. However, a potential defense that raises a federal question does not grant this Court subject matter jurisdiction, as a case may not be removed on the basis of a federal defense. *See Caterpillar*, 482 U.S. at 393. Rather, the federal question must be raised in the suit itself, not merely in anticipated defenses. *ARCO Envtl. Remediation, LLC v. Dep't Health & Envt'. Quality*, 213 F.3d 1108, 113 (9th Cir. 2000). As stated above, the Plaintiff's claims do not involve a substantial federal issue as an essential element. Therefore, even if the Defendant chooses to explore the exact meaning of the FAA regulations in order to demonstrate that it did not violate any such regulation and therefore the Plaintiff's termination could not have been based on his whistleblower status, federal question jurisdiction has not been implicated, and this Court does not have subject matter jurisdiction.

Alternatively, the Defendant argues that because the Plaintiff's claims for wrongful termination involve FAA rule violations, the "fundamental public policy" implicated by the Defendant's actions are exclusively governed by federal law. This argument is similarly unpersuasive. The central thrust of the

---

FAC clearly involve complaints from the Plaintiff that went unheeded and resulted in retaliatory harassment; there are no factual allegations that the Plaintiff refused to participate in an activity that would violate the FAA regulations. Since subsections (a) and (b) merely require the employee's reasonable belief regarding federal violations, not an actual violation, the Court finds the Defendant's arguments regarding § 1102.5(c) unavailing.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07690-SVW-SKX | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Antonio Ortega v. Alcoa Global Fasteners, Inc.; Does 1-20* | | |

policy implicated by the Defendant's actions is a desire to prevent companies from firing employees for bringing to their attention violations of state or federal law. The relevant policy is not, as the Defendant argues, to ensure that the FAA regulations are followed by the companies, but rather to protect employees against adverse employment consequences for bringing attention to those violations. This is a state policy created by California to protect employees within the state, as evidenced by its inclusion in the California Labor Code. Therefore, while federal law undoubtedly governs aviation and preempts state law in that arena, the policy underlying these claims relate to employment law, not aviation. Therefore, the fundamental underlying policy of the Plaintiff's claims is properly classified as California public policy, and thus does not necessarily raise a substantial federal question.

Because the Plaintiff's claims do not necessarily raise a substantial federal issue, this Court finds that no federal question jurisdiction exists in this case. Additionally, since none of the Plaintiff's claims grant this Court original subject matter jurisdiction, supplemental jurisdiction cannot be a valid source of jurisdiction for this Court to hear the action. Therefore, the case must be remanded to state court, as this Court lacks subject matter jurisdiction to hear the action.

V.   **Order**

For the reasons stated above, the Court GRANTS the Plaintiff's Motion to Remand. The Court DENIES the Defendant's Motion to Dismiss as moot.


IT IS SO ORDERED.

_____  :  _____
Initials of Preparer
PMC